317 A.2d 443.

HUMPHREY J. DONNELLY, III, *Mayor of the City of Newport et al. vs.* RICHARD ISRAEL, *Attorney General of the State of Rhode Island.*

APRIL 3, 1974.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. Andrew Freebody of Westerly, by will dated June 14, 1813 and probated August 30, 1813, gave and devised:

> "* * * to the inhabitants of the Town of Newport in trust forever the rents and profits of one lot of land situated in the said Town of Newport containing by estimation eight and one half acres now occupied by Thomas T. Hazard to be rented out for good and substantial security but not to be rented for any longer time than seven years at any one time and the rents & profits of the same to be placed in the hands of the Overseers of the poor of the said Town of Newport for the time being and by them applied as a surplus assistant for the comfortable support and maintenance of all Reall objects of pity not only those in the alms house or that have otherwise become chargeable to said Town but where-ever they may be found in [said] Town as to the discretion of the said overseers may seem meet."

This property is commonly referred to as the "Freebody Land". Since the creation of the trust, it has been leased almost continuously to the Newport Casino, most recently at a rent of $1,000 per year, and the proceeds have been applied as the settlor directed. On February 14, 1973, the Newport City Council passed a resolution agreeing to

> "* * * transfer, sell and convey its property known as Lot 56 on Tax Assessor's Plat 29 fronting on Freebody Street, and being further known as part of the Freebody Land, so-called, to the National Lawn Tennis Hall of Fame and Tennis Museum, Inc., for the sum of Forty Thousand ($40,000) Dollars, said sale to be conditioned upon permission being obtained from the Superior Court of the State of Rhode Island for said transfer."

A complaint was then brought in Newport County Superior Court on February 26, 1973, by Humphrey J. Donnelly III, Mayor of the City of Newport, the Newport City Councilmen, and Helen C. McLeish, Overseer of the Poor of the City of Newport, in their capacities as successor trustees under the will of Andrew Freebody, seeking court approval pursuant to G. L. 1956 (1969 Reenactment) §18-4-10 of their "* * * authority to sell the whole or any portion of said trust real estate, and to invest and reinvest the proceeds of said sale * * *." The respondent was served and entered his appearance on March 10, 1973. On March 15, 1973, complainants filed a motion for a hearing to be held on March 26, 1973. Notice of this hearing was sent to "W. Slater Allen, Jr., Asst. Attorney General, Federal Building, Providence, Rhode Island." Although respondent did not appear at this hearing and no testimony was taken or evidence introduced, complainants were granted permission to sell the "Freebody Land" for $40,000 to the National Lawn Tennis Hall of Fame and Tennis Museum, Inc. Judgment was entered on April 23, 1973, and notice of appeal was filed on May 8, 1973.

Section 18-9-5 provides:

> "Notice to attorney-general of proceedings affecting charitable trusts.—The attorney-general shall be notified of all judicial proceedings affecting, or in any manner dealing with, a charitable trust or affecting, or in any manner dealing with, a trustee who holds in trust within the state property given, devised or bequeathed for charitable, educational or religious purposes, and who administers or is under a duty to administer the same in whole or in part for said purposes within the state, and shall be deemed to be an interested party thereto."

The provisions of §18-9-5 are mandatory and must be strictly construed.

The record discloses and the Attorney General advises us that the notice of the motion for a hearing on March 26, 1973, sent to "W. Slater Allen, Jr., Asst. Attorney General, Federal Building, Providence, Rhode Island," was never received by the respondent and therefore did not satisfy the requirements of §18-9-5. The purported hearing of March 26, and the resultant judgment entered on April 23, are nullities.

The respondent's appeal is sustained, the judgment appealed from is vacated, and the case is remitted to the Superior Court for a hearing de novo on the complaint.

Mr. Chief Justice Roberts did not participate.

*James S. O'Brien,* City Solicitor, *Corcoran, Peckham & Hayes, Patrick O'N. Hayes,* for plaintiffs-appellees.

*Richard J. Israel,* Attorney General, *Dorothy A. Carr,* Special Asst. Attorney General, for defendant-appellant.